UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEN WALKER,<br><br>                **Plaintiff *pro se*,**<br><br>    v.<br><br>METROPOLITAN TOWER LIFE INSURANCE COMPANY and METLIFE INC.,<br><br>                **Defendants.** | No. 15–cv–240 (KM)(MAH)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of defendants Metropolitan Tower Life Insurance Company ("Met Tower") and Metlife Inc. ("Metlife") to dismiss (ECF No. 5) the complaint (ECF No. 1) of plaintiff, Ben Walker, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). After reviewing the complaint, I cannot discern a valid claim for relief against the defendants. Accordingly, the motion to dismiss the complaint is **GRANTED**.

**I.    BACKGROUND**[1]

**A. The Complaint**

On June 7, 1985, Mr. Walker took out a life insurance policy for $140,000 from Metropolitan Insurance and Annuity Company ("Met Annuity"). (Compl. 2) In July 2013, Mr. Walker borrowed 8,000 from his accumulation fund. (Compl. 4) On July 9, 2013, Met Tower sent Mr. Walker a letter

---

[1] The facts that follow are taken from the complaint. They are assumed to be true solely for the purposes of the motion to dismiss.

1

acknowledging that it had processed a partial cash withdrawal of $8,000 on his policy. Accordingly, Met Tower deducted the same amount from both the cash value of his fund (leaving him with $3115.73), and from the policy's face amount (reducing it to $132,000). (Compl. 4, Exs. E, G (ECF Nos. 1-5, 1-7)) On August 14, 2014, Met Tower sent Mr. Walker a notice that his policy was terminated because the cash value of his policy was insufficient to pay for the monthly charges. (Compl. 3, 6, Ex. D (ECF No. 1-4)) Later that month, Mr. Walker paid the $765.27 due in order to reinstate the policy. (*Id.*)

Mr. Walker notes some inconsistencies related to his policy. In 2014, Mr. Walker requested and received multiple copies of his insurance policy. (Compl. 2) The letters state the insurance was issued by Metropolitan Life Insurance, but the policies themselves state they were issued by Met Annuity. (Compl. 2-3, Exs. B, C, F (ECF Nos. 1-2, 1-3, 1-6) The policy copies also had inconsistent face amounts, one listing $140,000 and the other $132,000. (Compl. 4-5, Exs. C, F) Further, the policies that Mr. Walker received skipped page numbers 2 and 10. (Compl. 7, Ex. C)

Mr. Walker alleges that only Met Annuity had authority related to his insurance policy and that the actions of Met Tower were illegitimate. Such actions included a letter stating that Mr. Walker's policy lapsed, Met Tower's drawing from Mr. Walker's fund to pay the monthly premiums, and Met Tower's reduction of the policy's face amount. (Compl. 3-4; *see* Exs. D, E) Mr. Walker paid $102 each month, and he claims that money therefore should not have been deducted monthly from his fund. (Compl. 6, Exs. E, G) Mr. Walker also alleges that, given all the inconsistencies, he is sure that his wife would not be treated fairly by the defendants if something were to happen to him. (Compl. 8) Mr. Walker requests $3 million in damages. (*Id.*)

### B. Exhibits Attached to the Complaint

The exhibits that Mr. Walker provided with his complaint contain some information that conflicts with Mr. Walker's allegations. Mr. Walker attached his insurance policy, which provides that when a partial withdrawal is made

from the fund and "Option A" is in effect, the face amount will also be reduced by the amount withdrawn. (Compl. Ex. C 7) Mr. Walker also provides a letter from Metlife explaining to him that since his policy has an Option A benefit, the face amount of his fund was reduced when he withdrew the $8,000. (Compl. Ex. G 2–3) The letter also explained that the missing page numbers are simply blank pages in the policy. (*Id.* at 1)

Additionally, Mr. Walker attached an annual statement from June 2014 that showed that his monthly premium was approximately $300. His payments of $102 per month therefore did not cover the monthly premium. In months when he paid $102, his fund was charged to pay the additional amount owed. In months when he paid nothing, his fund was charged the entire $300 premium. (Compl. Exs. E 2, G 4–5)

While the insurance contract lists a planned premium of $102, it also clearly states that "[t]he planned premium ... may need to be increased to keep this policy and coverage in force." (Compl. Ex. C 3) The complaint attaches annual statements dating from before his withdrawal of $8,000; these project that the balance is sufficient, in conjunction with payments of $102 per month, to maintain the policy until 2017. (Compl. Ex. H (ECF. No. 1-8)) The complaint also attaches a statement from June 2014, after the $8,000 withdrawal; this explains that the remaining balance, plus current premium payments of $102, would keep coverage in effect only through June 2014. (Compl. Ex. E 1)

## II.   Discussion

### A. Standard of Review

Defendants move to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). To state a valid claim for relief under Rule 12(b)(6), the complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed R. Civ. P. 8(a).

The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014). Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 555, 570; *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

In a case brought *pro se* such as this one, the Court must construe the complaint liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596–97 (1972). Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Even a *pro se* complaint may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (An example of the limits of courts' procedural flexibility regarding *pro se* litigants is that "pro se litigants still must allege sufficient facts in their complaints to support a claim.").

### B. Analysis

I find that the complaint fails to state a claim against the defendants. Even under the most liberal construction of the complaint, Mr. Walker has failed to allege facts sufficient to support a cognizable claim. *See generally*

Haines, 404 U.S. at 520-21, 594 S Ct. at 596–97. Although Mr. Walker alleges that the provider of his insurance policy has changed, there is no statute or common law cause of action that makes this illegal. For the purposes of this Opinion, I will assume that Mr. Walker intends to assert a common law breach of contract claim.

Assuming that this is a state-law claim, the complaint asserts no basis, such as diversity of citizenship, for this court's subject matter jurisdiction. *See generally* 28 U.S.C. § 1332. Mr. Walker makes limited allegations regarding jurisdiction and gives no explanation as to why he filed this suit in New Jersey. Mr. Walker does mention that he moved from New Jersey, where I will assume he bought this insurance policy. (Compl. 2) He also lists the mailing addresses of all the parties, which suggests that both Metlife and Mr. Walker might be citizens of Pennsylvania. (Compl. 1) But the exhibits he includes contain letters from Metlife with a Rhode Island address (*See, e.g.*, Compl. Exs. B, E, G) Thus, whether there is diversity jurisdiction is dubious, but the allegations are inconclusive.

At any rate, the complaint is so bereft of any specific allegations that it cannot be sustained. Under New Jersey law, the elements of a breach of contract are that (1) the parties entered into a valid contract; (2) the defendant failed to perform its contractual obligation; and (3) the plaintiff sustained damages as a result. *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's*, 488 A.2d 1083 (N.J. Super. Ct. App. Div. 1985)); *Peck v. Donovan*, 565 F. App'x 66, 69–70 (3d Cir. 2012) (citing *Murphy v. Implicito*, 920 A.2d 678 (N.J. Super. Ct. App. Div. 2007)).

The complaint attaches exhibits. These are properly considered in conjunction with the allegations of the complaint without converting the motion to one for summary judgment. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) ("However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered

'without converting the motion to dismiss into one for summary judgment.' ") (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir.1997)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Indeed, where a complaint is based on a foundational document, a *defendant* may submit and rely on such documents. The reasons for the rule are (1) that the plaintiff, having relied on the document, cannot claim unfair surprise; and (2) the plaintiff cannot base a claim on a document if it is contrary to the document itself:

> What the rule seeks to prevent is the situation in which a plaintiff is able to maintain a claim of fraud by extracting an isolated statement from a document and placing it in the complaint, even though if the statement were examined in the full context of the document, it would be clear that the statement was not fraudulent.

*Burlington*, 114 F.3d at 1426 (on 12(b)(6) motion to dismiss securities fraud complaint alleging misstatements in annual report, court may examine the report itself).

The exhibits attached to Mr. Walker's complaint negate any claim that the defendants failed to perform their contractual obligations or that he suffered damages. The insurance policy itself demonstrates that the defendants, in taking the actions complained of, complied with its terms. (*See* Compl. Ex. C) The chief matters of which he complains are the inevitable consequences of his own decision to take a partial cash surrender, or withdrawal, of $8,000 from the policy's accumulation fund. That withdrawal is established by the complaint itself (ECF no. 1 at 4), as well as the documents attached to it.

Many of the allegations, moreover, are not connected to any plausible claim of damages. Mr. Walker does not state how he has been damaged by the merger of Met Annuity, which wrote his policy, into Met Tower. Alleged inconsistencies in defendants' correspondence with him likewise seem to have no practical consequences. His request for $3 million in damages is unsupported and unexplained.

In sum, Mr. Walker has failed to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65). The complaint thus fails to state a claim for relief that is "plausible on its face," and it will be dismissed for failure to comply with the pleading standards of Rule 8, Fed. R. Civ. P.

### III. CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is **GRANTED** and Mr. Walker's complaint is **DISMISSED** without prejudice to the submission of an amended complaint that remedies these deficiencies within 30 days.

Dated: March 4, 2016

_____
Hon. Kevin McNulty
United States District Judge